**No. 56907.**—R. W. Smith a/c Robert H. Ray Company, Houston, Texas *v.* United States, protest 139901–K (Galveston).

Opinion by JOHNSON, J.   It appeared that duty was assessed upon the basis of the invoiced value of a complete set of radar equipment, there being 12 boxes entered.   It developed that two boxes containing parts of said set were not contained in the shipment and were later imported.   Duty was also assessed upon the latter importation at the ad valorem rate upon the basis of the invoiced value of the parts imported.   Thus, duty was again assessed upon the parts contained in the two boxes not a part of the original shipment.   In accordance with stipulation of counsel that the issues and facts are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), it was held that all duties levied and collected upon the two cases of radar equipment not shipped as a part of the radar set, upon which duty was again collected when subsequently entered, should be refunded.

OCTOBER 15, 1952

**No. 56908.**—SUIT 4693.—United States *v.* C. J. Tower & Sons.—C. D. 1337 affirmed May 28, 1952.   C. A. D. 491.

BEFORE THE THIRD DIVISION, OCTOBER 21, 1952

**No. 56909.**—Schenley Import Corp. et al. *v.* United States, protests 123347–K, etc. (New York).

Opinion by EKWALL, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.